Vanessa R. Waldref
United States Attorney
Eastern District of Washington
George J.C. Jacobs III
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 26, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ELDON L. LEINWEBER, <br><br> Defendant. | 2:19-CR-209-WFN <br><br> PLEA AGREEMENT |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, George J.C. Jacobs, III, Assistant United States Attorney for the Eastern District of Washington, and Defendant ELDON L. LEINWEBER (hereinafter, "Defendant" and/or "ELDON L. LEINWEBER" and/or "LEINWEBER") and Defendant's counsel, John B. McEntire, IV, and Colin G. Prince, agree to the following Plea Agreement:

1.  <u>Waiver of Indictment, Guilty Plea and Maximum Statutory Penalties</u>

Defendant, ELDON L. LEINWEBER, agrees to plead guilty to an Information dated April 26, 2023, which charges Defendant with Making False Statements within Jurisdiction of the Executive Branch, in violation of 18 U.S.C. § 1001(a)(2). Defendant agrees to waive presentation of an indictment to a grand jury, to execute in open court a written waiver to that effect, and to proceed by way of an Information. Defendant understands that this charge is a Class D felony offense that carries a

Plea Agreement- 1 of 14

maximum statutory penalty of: not more than a five-year term of imprisonment; not more than a $250,000 fine; not more than a three-year term of supervised release; the payment of restitution; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment, *see* 18 U.S.C. § 3583(e), without credit for time previously served on post-release supervision.

2. The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a. sentencing is a matter solely within the discretion of the Court;

    b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

3. Waiver of Constitutional Rights:

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a. the right to a jury trial;

Plea Agreement- 2 of 14

      b.    the right to see, hear and question the witnesses;

      c.    the right to remain silent at trial;

      d.    the right to testify at trial; and

      e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

4.    Elements of the Offense:

The parties agree that, in order to convict Defendant of Making False Statements within the Jurisdiction of the Executive Branch, in violation of 18 U.S.C. § 1001(a)(2), the United States would have to prove beyond a reasonable doubt the following elements:

- *First*, On or about May 30, 2019 [handwritten correction from 2020], in the Eastern District of Washington and elsewhere, Defendant, ELDON L. LEINWEBER, made a false statement as described in the Information;

- *Second*, the statement was made in a matter with the jurisdiction of the Federal Bureau of Investigation ("FBI"), a department or agency of the executive branch;

- *Third*, Defendant ELDON L. LEINWEBER acted willfully; that is, he acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Plea Agreement- 3 of 14

- *Fourth*, the statement was material to the activities or decisions of the FBI; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

5. Factual Basis and Statement of Facts:

The parties stipulate and agree that the United States could prove the following facts beyond a reasonable doubt at trial, and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

The FBI is a law enforcement agency within the executive branch of the United States Government. The FBI has authority to investigate and enforce the criminal laws set forth in Title 18 of the United States Code. On May 30, 2019, special agents with the FBI and U.S. Department of Health and Human Services Office of Inspector General ("HHS OIG") interviewed LEINWEBER, who held a Physician's Assistant licensed in the State of Washington and U.S. Drug Enforcement Administration registration number,[1] about his interactions with patients. LEINWEBER owned and operated Mansfield Family Clinic in Soap Lake, Washington. The interview occurred in the Eastern District of Washington.

During the interview, LEINWEBER knowingly and willfully made materially false, fictitious, and fraudulent statements and representations regarding matters within the jurisdiction of the executive branch of the Government of the United States. At the time, the FBI and HHS OIG were investigating, in part, allegations that the Mansfield Family Clinic was overbilling Medicare and Medicaid. In a billing investigation, one of the material questions relates to the amount of time a medical

---

[1] As such, LEINWEBER was authorized to prescribe controlled substances for legitimate medical purposes and in the usual course of professional practice.

Plea Agreement- 4 of 14

professional, such as LEINWEBER, spends with a patient and the nature of the examinations performed, which directly affect the bill's amount and whether it is lawfully paid. In his interview with the FBI, a department and agency of the United States, Mr. LEINWEBER represented and stated in sum and substance to an FBI Special Agent and an HHS OIG Special Agent that "99.99%" of the time he would check the vital signs of a patient before prescribing an opioid medication. In truth and in fact, as LEINWEBER well knew, the statements and representations were materially false, fictitious and fraudulent when made, in that LEINWEBER did not check the vital signs of a patient "99.99%" before prescribing an opioid medication. Indeed, the rate at which the Mansfield Family Clinic performed complete physicals was materially lower. Further, for multiple patients, the Mansfield Family Clinic updated opioid prescriptions with minimal physical examinations. Defendant agrees his statements were false and were made to mislead FBI and HHS OIG special agents in their investigation.

6. <u>The United States Agrees Not to File Additional Charges</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in Indictment No. 2:19-CR-209-WFN, unless Defendant breaches this Plea Agreement any time before sentencing.

7. <u>United States Sentencing Guideline Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

//

//

Plea Agreement- 5 of 14

   a. Base Offense Level

Including relevant conduct, Defendant and the United States agree that the base offense level for Making False Statements within Jurisdiction of the Executive Branch is 6. USSG §2B1.1(a)(2).[2]

   b. Specific Offense Characteristics

The parties agree and stipulate that no specific offense characteristics are applicable.

   c. Acceptance of Responsibility

The United States will recommend that Defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), if Defendant does the following:

   i.   accepts this Plea Agreement;
   ii.  enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;
   iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;
   iv.  provides complete and accurate information during the sentencing process; and
   v.   does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is

---

[2] The parties stipulate and agree that USSG §2B1.1(a)(2) applies, and the conduct set forth in the count of conviction does not establish an offense specifically covered by another guideline in Chapter Two (Offense Conduct). Therefore, the cross-reference provisions of USSG §2B1.1(c)(3) are inapplicable.

Plea Agreement- 6 of 14

charged with, or convicted of, any criminal offense, (excluding offense(s) currently under investigation by the State of Washington Attorney General's Office) or if Defendant tests positive for any controlled substance.

d. Criminal History

The parties make no agreement on Defendant's criminal history category, which shall be determined by the Court after the Presentence Investigative Report is completed.

8. Departure

Defendant is free to move for a departure and/or variance under 18 U.S.C. § 3553. The United States can object.

9. Incarceration

Defendant and the United States agree to recommend a sentence of 2 years' probation. Again, Defendant understands that the Court will ultimately determine the applicable sentencing guideline range and is not bound to follow the recommendations of the parties and that the Court may also depart or vary downward or upward under the appropriate circumstances from the applicable advisory sentencing range. The parties reserve the right to object if the Court departs or varies downward or upward or applies a base offense level not agreed to by the parties.

10. Criminal Fine:

The parties agree to recommend no imposition of a criminal fine.

11. Probation

The parties agree to recommend that the Court impose a 2-year term of probation. The parties are free to advocate for any special conditions they believe are appropriate.

12. Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

//

13. <u>License and DEA Registration Permanently Surrendered:</u>

On July 2, 2019, Defendant permanently surrendered his Physician's Assistant License (PA10004217) to the State of Washington Department of Health Medical Quality Assurance Commission in Matter No. M2016-864. Defendant also voluntarily surrendered his U.S. Drug Enforcement Administration ("DEA") Registration number. Defendant hereby agrees and stipulates to never seek a new medical license or DEA registration in any state.

14. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

  a. pleading guilty in this case may have immigration consequences;

  b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

  c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

  d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

15. <u>Additional Violations of Law Can Void Plea Agreement</u>

The parties agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, before sentencing, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

Plea Agreement- 8 of 14

16. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all rights to appeal Defendant's conviction but reserves the right to appeal the sentence if the Court imposes a custodial sentence or applies a special offense characteristic or adjustment not agreed to by the parties.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

17. <u>Compassionate Release</u>

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any motion for Compassionate Release other than a motion arising from one of the specific bases set forth in this paragraph of this Plea Agreement. The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

    a.    <u>Medical Condition of Defendant</u>

        i.    Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A

Plea Agreement- 9 of 14

    specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

  ii. Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

b. <u>Age of Defendant</u>

  i. Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

  ii. Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

c. <u>Family Circumstances</u>

  i. The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child or children; or

Plea Agreement- 10 of 14

   ii. Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

 d. <u>Subsequent Reduction to Mandatory Sentence</u>

   i. Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

   ii. after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

   iii. the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

 e. <u>Ineffective Assistance of Counsel</u>

   i. Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

    1. did not know at the time of Defendant's guilty plea, and

could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

 a. this Plea Agreement shall become null and void;

 b. the United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. Integration Clause

The parties acknowledge that this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties concerning this case's resolution. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The parties agree that this agreement cannot be modified except in writing that is signed by the United States and Defendant.

Approval and Signature

Agreed and submitted on behalf of the United States Attorney's Office for the

//
//

Plea Agreement- 12 of 14

Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    4/26/2023
George J.C. Jacobs III            Date
Assistant United States Attorney

    I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreements with my attorney. I understand and voluntarily enter into the Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promise or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____    4/24/2023
Eldon L. Leinweber                Date
Defendant

    I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____    4/24/2023
John B. McEntire, IV              Date
Attorney for Defendant

_____    4/26/2023
Colin G. Prince                   Date
Attorney for Defendant

Plea Agreement- 13 of 14